IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ERICA MARIE CAGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 5:18-cv-00201-AKK |
| | ) | |
| THE MADISON COUNTY, | ) | |
| ALABAMA SHERIFF'S OFFICE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

COME NOW Madison County, Alabama, the Madison County, Alabama Commission, and former Madison County, Alabama sheriff Blake L. Dorning, being the remaining defendants in this case, and file this motion for protective order regarding the confidentiality of certain information. As grounds for this motion, the defendants state as follows:

1. That during the pendency of this case, there has been, and will continue to be, confidential information exchanged between the parties, and/or provided to the Court.

2. That in order to protect the confidentiality of said information, and to facilitate discovery, the parties to this case have consented to the entry of a protective order.

3. That in accordance with said joint consent of the parties, a proposed protective order is attached hereto.

WHEREFORE, PREMISES CONSIDERED, the defendants respectfully request that the Court enter a protective order in this case for the purpose of protecting the confidentiality of certain information, and to facilitate discovery.

*/s/ Grace Graham*
Grace Graham (ASB-3040-A64G)
J. Bentley Owens, III (ASB-1986-O44J)
Attorneys for Defendants Madison County, Alabama, the Madison County, Alabama Commission, and Former Madison County, Alabama Sheriff Blake L. Dorning

Of Counsel:
ELLIS HEAD OWENS, JUSTICE & ARNOLD
113 North Main Street
P O Box 587
Columbiana, Alabama 35051
Telephone: (205) 669-6783
Facsimile: (205) 669-4932
Email: ggraham@wefhlaw.com
bowens@wefhlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification to the following:

Kerri Johnson Riley
KERRI JOHNSON RILEY, P.C.
120 Holmes Avenue
Suite 403
Huntsville, Alabama   35801

        */s/ Grace Graham*
        Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ERICA MARIE CAGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 5:18-cv-00201-AKK |
| | ) | |
| THE MADISON COUNTY, | ) | |
| ALABAMA SHERIFF'S OFFICE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

Pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Definitions: The following definitions shall apply to this Order:

a. "Document" shall mean any original or copy of any document, record or other tangible material or thing, as further described in Fed. R. Civ. P. 34, produced by way of disclosure or in any response to any discovery request served by either party in this action, or any deposition transcript or portion of a deposition transcript or any document marked for identification at any deposition, or any exhibit or affidavit submitted in connection with this proceeding, or used at trial in this matter.

1

b. "Confidential Information" shall mean any information regarded by the Disclosing Party (defined below) as confidential information, and which is subject to the restrictions applying to "Confidential Information" as set forth below.

c. "Attorney's Eyes Only Information" shall mean any information regarding by the Disclosing Party (defined below) as attorney's eyes only, and which is subject to the restrictions applying to "Attorney's Eyes Only Information" as set forth below.

d. "Disclosing Party" shall refer to the party that claims the information or Document to be Confidential Information or Attorney's Eyes Only Information, and that discloses or has disclosed the Confidential Information to the Receiving Party (defined below).

e. "Receiving Party" shall refer to the party that receives or has received the Confidential Information or Attorney's Eyes Only Information from the Disclosing Party.

2. Designation as "Confidential Information".

a. A party to this action may designate, in good faith, any information or Documents as Confidential Information in the course of this proceeding. Such Confidential Information may be provided as part of the required disclosure process, in the response to any discovery request, during deposition, as part

of any filing with the Court, or as part of any trial or hearing in this matter. Such Confidential information shall be used solely for preparation and trial of this litigation, and for no other purpose whatsoever, and shall not be disclosed to any other person except in accordance with the terms set forth herein. The Disclosing Party shall only so designate any information or Documents as Confidential Information if such information or Document is or contains confidential, proprietary or trade secret information, which may include, but is not limited to, personal identifying information, technical or scientific information, pending patent applications, source code, financial information, business information, marketing information, strategic information, product development information, customer lists or information, supplier lists or information, design specifications, scientific processes or formulas, etc. Information and Documents designated as Confidential Information shall be restricted in circulation to only the persons described in Paragraph 3 below.

b.  A party to this action may designate, in good faith, any information or Documents as Attorney's Eyes Only Information in the course of this proceeding. Such Attorney's Eyes Only Information may be provided as part of the required disclosure process, in the response to any discovery request, during deposition, as part of any filing with the Court, or as part of any trial or hearing in this matter. Such Confidential information shall be used solely

3

for preparation and trial of this litigation, and for no other purpose whatsoever, and shall not be disclosed to any other person except in accordance with the terms set forth herein. The Disclosing Party shall only so designate any information as Attorney's Eyes Only if such information or Document is or contains personnel information, aside from Plaintiff's information, including but not limited to personnel files, disciplinary actions, and/or discrimination complaints.

c.  Documents as The Disclosing Party shall designate Confidential Information or Attorney's Eyes Only Information by conspicuously marking any Documents containing such information with the words "CONFIDENTIAL", or "ATTORNEY'S EYES ONLY," or substantially similar designations. Any tangible items that contain Confidential Information or Attorney's Eyes Only Information shall be marked as identified above with a tag, label or a cover sheet, if it is not practical to mark the items directly. Any Confidential Information or Attorney's Eyes Only Information that is disclosed orally shall be orally confirmed to opposing counsel regarding the status of such information at the time of disclosure and by promptly thereafter confirming in writing the disclosure as being Confidential Information or Attorney's Eyes Only Information and specifying the nature of the disclosure protected.

4

3. Access to and Use of Confidential Information. Access to Confidential Information and any information reflecting or embodying such Confidential Information that is not otherwise publicly available shall be restricted to:

a. the parties, counsel for the parties, and counsel's employees, subject to the control and supervision of counsel, for the proper representation of the parties;

b. experts retained, consulted or employed by the parties or their counsel who have a need for such information to assist in this litigation, provided that: (i) such expert is not regularly engaged in any activity that places him or her in competition with the products or services provided by the Disclosing Party; and (ii) such expert has previously agreed to be personally bound by this Protective Order by executing the Acknowledgment attached hereto as Exhibit A, which shall be provided to counsel for the Disclosing Party upon request;

c. the Court and related Court personnel; and

d. any other person with the prior written consent of the Disclosing Party.

Counsel shall retain all original executed Acknowledgments for their respective party.

4. Access to and Use of Attorney's Eyes Only Information. Access to Attorney's Eyes Only Information and any information reflecting or embodying

such protected Information that is not otherwise publicly available shall be restricted to:

    a.    counsel for the parties, and counsel's employees, subject to the control and supervision of counsel, for the proper representation of the parties;

    b.    experts retained, consulted or employed by the parties or their counsel who have a need for such information to assist in this litigation, provided that: (i) such expert is not regularly engaged in any activity that places him or her in competition with the products or services provided by the Disclosing Party; and (ii) such expert has previously agreed to be personally bound by this Protective Order by executing the Acknowledgment attached hereto as Exhibit A, which shall be provided to counsel for the Disclosing Party upon request;

    c.    the Court and related Court personnel; and

    d.    any other person with the prior written consent of the Disclosing Party.

5.    Purpose of Disclosure. The disclosure of Confidential or Attorney's Eyes Only Information is made solely for use in this action and for the purposes of this action. No person or entity subject to this Protective Order shall use such protected information for any other purpose, nor shall they copy, reproduce or disclose any such information to any other person or entity. The restrictions set forth in this Protective Order shall survive the conclusion of this action, and the Court

shall retain jurisdiction of this action after its conclusion for the purposes of enforcing the terms of this Protective Order.

6. Failure to Designate. The inadvertent failure to designate Documents or information as Confidential or Attorney's Eyes Only Information prior to or at the time of disclosure shall not operate as a waiver of the Disclosing Party's right to designate such Documents or information as at a later time. In the event that any Information is promptly designated within thirty (30) days as such after disclosure, the Receiving Party shall use all reasonable efforts to ensure that such Document or information is subsequently treated as protected information pursuant to the terms of this Protective Order, and any persons who have had access to such disclosure shall be so instructed. If a Disclosing Party inadvertently discloses information that is privileged or otherwise immune from discovery, the Disclosing Party shall promptly request in writing that the inadvertently produced item be returned. The Receiving Party shall return the inadvertently produced item and all copies within seven (7) days of the written request. After inadvertently disclosed privileged or immune information is returned, any party may seek its production under the Federal Rules of Civil Procedure. However, no party shall assert that the inadvertent disclosure waived any privilege or immunity.

7. Right to Challenge Status of Information. Nothing in this Protective Order shall prevent a party from challenging the status of a Document as protected

under the terms of this order or from seeking a Court ruling permitting the disclosure of such information or Document. Should the Receiving Party wish to make a disclosure of such protected Information other than as provided in this Protective Order, it shall first negotiate in good faith with the Disclosing Party to resolve any dispute as to such disclosure. In the event the parties fail to agree, the Receiving Party may apply to the Court by motion for appropriate relief. The provisions of this Protective Order shall continue to apply until such time as the Court has issued an order permitting such disclosure and specifying the conditions for such disclosure.

8. Use of Confidential or Attorney's Eyes Only Information During the Case. The Party using the protected Information shall take all reasonable steps to maintain confidentiality of the Information during such use by redacting documents or testimony to the extent possible, requesting that the court seal any transcript or exhibits with respect to the proceeding, or moving for the sequestration of unauthorized persons.

9. Use by Disclosing Party. Nothing in this Protective Order shall prevent the Disclosing Party from using or disclosing its own Confidential or Attorney's Eyes Only Information for any purpose. Nothing in this Order shall prevent any counsel of record from utilizing Protected Information in the examination or cross-examination of any person who is indicated on the document as being an author,

source, or recipient of the Confidential Information, regardless of which party produced such information.

10. Orders at Trial or Hearing. At trial or hearing in this action, the Court may enter further orders governing the use at the trial or hearing of the Confidential or Attorney's Eyes Only Information. Unless otherwise agreed to in writing by the parties, or ordered by the Court, all proceedings involving or relating to protected Information shall be subject to the provisions of this Order.

11. Return of Documents. At the conclusion of this action, all Confidential or Attorney's Eyes Only Information, including all copies, excerpts, and summaries thereof shall be returned to the Disclosing Party or destroyed. If such protected Information is destroyed, the attorneys responsible for such destruction shall provide the Disclosing Party with a written statement certifying that such information has been destroyed. The return or destruction of the protected Information shall be completed within thirty (30) days of the completion of this action, including any appeals. Notwithstanding the foregoing, counsel for any party may retain one copy of the Protected Information in its files for archival purposes only.

**DONE** this _____ day of _____, 2020.

_____
United States District Judge

Exhibit A

ACKNOWLEDGMENT RE: PROTECTIVE ORDER

(Access to Confidential or Attorney's Eyes Only Information)

I, _____, have been given a copy of and have read the Protective Order entered in the above proceeding. I understand its contents and agree that I will be and am bound by its terms. I submit to the jurisdiction of this Court for any purpose related to the enforcement of this Protective Order.


Dated this _____ day of _____, 20_____.


Signature_____


Name_____


Address_____